Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Virginia M. Kendall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 6876 | **DATE** | 3/3/2011 |
| **CASE TITLE** | Wade vs. Collier | | |

**DOCKET ENTRY TEXT**

The Court therefore denies Defendants' Motion to Dismiss Count I.

■[ For further details see text below.]  Docketing to mail notices.

## STATEMENT

   Plaintiff Arian Wade ("Wade") sued the Village of Maywood and Officers Collier, Mobley, Mazariegos, Wheeler, and Yancy (collectively "Defendants") seeking redress for Defendants' alleged fabrication of a memorandum that connected Wade to criminal activity. Wade alleges numerous causes of action in his First Amended Complaint, but Defendants move only to dismiss Count I (equal protection class-of-one) as untimely. For the following reasons, the Court denies Defendants' Motion to Dismiss Count I.

   To state a claim upon which relief can be granted, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To survive a motion to dismiss, a complaint must be "plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

   According to Wade's First Amended Complaint, officers of the Maywood Police Department manufactured a false memorandum connecting him to illegal narcotics activity. (First Am. Compl. ¶¶ 19, 20.) Allegedly, the memorandum was created on about February 28, 2005, but backdated to December 9, 2004. (First Am. Compl. ¶¶ 31, 32.) Based upon this memorandum, charges were filed against Wade for participating in a criminal drug conspiracy. (First Am. Compl. ¶¶ 25, 33.) On April 17, 2008, a jury acquitted Wade of the charges. (First Am. Compl. ¶ 37.) Wade filed his original complaint in this case on May 20, 2008.

   In Count I, Wade alleges that Defendants violated his Fourteenth Amendment equal protection rights by fabricating the memorandum that led to being unjustifiably arrested and charged for involvement in a drug conspiracy. Wade is going forward with this claim under the "class-of-one" theory. In contrast to the typical equal protection claim, where the plaintiff alleges arbitrary classification based upon membership in an "identifiable group," the class-of-one claim "asserts that an individual has been 'irrationally singled out,'

| STATEMENT |
|---|

without regard for any group affiliation, for discriminatory treatment." *U.S. v. Moore*, 543 F.3d 891, 896 (7th Cir. 2008); *Gardunio v. Town of Cicero*, 674 F. Supp. 2d 976, 988 (N.D. Ill. 2009) (Dow, J.).

In Section 1983 claims such as this, the Court applies the two year statute of limitations period for personal injury claims in Illinois, the state where the alleged constitutional violation occurred. *Savory v. Lions*, 469 F.3d 667, 672 (7th Cir. 2006). A two-part inquiry helps determine the accrual of claims: (1) identifying the injury, and (2) determining the date that plaintiff could have brought suit to remedy the injury, which is the date that the plaintiff "knew or should have known that his constitutional rights had been violated." *Hileman v. Maze*, 367 F.3d 694, 696, 672 (7th Cir. 2004); *Kelly v. City of Chicago*, 4 F.3d 509, 511 (7th Cir. 1993).

Wade and Defendants agree that the fabricated memorandum created on February 28, 2005 is the critical conduct encompassed by Wade's class-of-one claim. They disagree, however, about when the two year statute of limitations began to run. Defendants maintain that the only date alleged in the First Amended Complaint is February 28, 2005; because Wade "has pled no other facts that would allow any tolling of the statute of limitations," his claim accrued on that date. ®. 17, Revised Mot. to Dismiss 4.) In contrast, Wade contends that he did not discover the fabricated memorandum until December 2007, so the filing of his suit about six months after that discovery easily falls within the two year statute of limitations. ®. 20, Resp. Mot. to Dismiss 2-3.)

Because complaints "typically do no address affirmative defenses, the statute of limitations may be raised in a motion to dismiss if 'the allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense.'" *Brooks v. Ross*, 578 F.3d 574, 579 (7th Cir. 2009) (quoting *U.S. v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005)). In other words, in order to dismiss the complaint based on the statute of limitations affirmative defense, "the relevant dates [must be] set forth unambiguously in the complaint." *Id.* Even though Wade need not anticipate potential affirmative defenses in his First Amended Complaint, he can "plead himself out of court" by pleading facts that "*affirmatively* show that his suit is time-barred." *Clark v. City of Braidwood*, 318 F.3d 764, 767 (7th Cir. 2003) (emphasis added). As such, where a plaintiff like Wade asserts that the discovery rule applies to postpone beginning the statute of limitations, if the complaint is "silent as to the date of discovery," there is an insufficient basis for dismissal. *Id.*

Wade's First Amended Complaint repeatedly notes February 28, 2005 as the date that Defendants fabricated the memorandum at issue. This, of course, is beyond the two-year limitations period because Wade filed his original complaint on May 20, 2008. But, like *Clark*, Wade relies on the discovery rule to postpone beginning the statute of limitations period, and nowhere in the First Amended Complaint does Wade affirmatively provide the date when he knew or should have known about the fabricated memorandum. At this early stage in the case, the absence of this relevant date prevents the Court from fully assessing the validity of Defendants' statute of limitations defense. That is, because there is still the possibility that Wade's later discovery of the fabricated memorandum is a "defense to the statute of limitations defense," Count I survives. *Id.* at 768; *Early v. Bankers Life and Cas. Co.*, 959 F.2d 75, 80 (7th Cir. 1992) (deny motion to dismiss based on statute of limitations affirmative defense where "there is a set of facts that if proved would show that the case has merit").

The Court therefore denies Defendants' Motion to Dismiss Count I.