# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Virginia M. Kendall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 6876 | **DATE** | 10/30/2012 |
| **CASE TITLE** | Wade vs. Collier | | |

**DOCKET ENTRY TEXT**

Defendants' motion for leave to add additional affirmative defenses [ 140 ] is granted in part and denied in part. Defendant is granted leave to add the affirmative defense of collateral estoppel. Defendant is denied leave to add the affirmative defense of *res judicata*. However, for purposes of clarification and in light of the unique history of this case, the Court will treat the proceedings and prior opinions in previous federal case number 08 C 2931 as law of the case in this action and will take those proceedings into consideration when addressing future briefs filed in this action.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

Plaintiff Arian Wade ("Plaintiff") sued Defendants James Collier, Jr., Donald Mobley, Jose Mazariegos, Theodore Yancy and the Village of Maywood (together, "Defendants") for violations of his class of one equal protection rights under 42 U.S.C. § 1983 as well as numerous state law rights, all arising out of his Illinois state arrest and criminal prosecution. Following the close of discovery but before commencement of dispositive briefing, Defendants have moved for leave to file additional affirmative defenses of collateral estoppel and *res judicata*. For the reasons set forth herein, Defendants' motion is granted in part and denied in part.

**Relevant Facts**

Plaintiff originally filed this suit in federal court in May 2008 (case 08 C 2931) alleging violations of his federal and state law rights in connection with the prosecution of his prior criminal trial in the Illinois state courts. This Court dismissed the federal claims with prejudice and declined to exercise jurisdiction over the remaining state law claims. In September 2010, Plaintiff amended his state court complaint to include a class of one equal protection claim. This prompted Defendants to remove the action again to federal court in October 2010, where it was assigned to the same judge that handled the 2008 case. Defendants filed an amended answer on April 11, 2011, in which they pleaded the affirmative defenses of probable cause, Illinois Tort Immunity Act, and proximate cause. Defendants have not amended their answer since April 11, 2011.

After the close of discovery and shortly before filing summary judgment motions pursuant to the Court's previously set schedule, Defendants moved this Court for leave to file the affirmative defenses of collateral estoppel and *res judicata*. Defendants justify the late request to add the defense of collateral estoppel by pointing to a recently discovered oral hearing in Plaintiff's criminal case, which appears to have addressed some of the same factual issues that form the basis for this suit. Defendants seek leave to add the defense of *res judicata* without explanation. Plaintiff opposes leave to add either affirmative defense on grounds that the late disclosure

**STATEMENT**

of the defenses, based on evidence Plaintiff claims has been available to Defendants for years, constitutes undue prejudice.

**Analysis**

Federal Rule of Civil Procedure 8(c) requires a defendant to plead affirmative defenses generally in the answer, and specifically the affirmative defenses of estoppel and *res judicata*. Fed. R. Civ. P. 8(c). However, the district court has discretion to allow a defendant to amend an answer to file an affirmative defense, and "the court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a); *Robinson v. Sappington*, 351 F.3d 317, 332 (7th Cir. 2003). In the context of statutes of limitation defenses, it is the practice in this circuit to allow "defendants to amend when the plaintiff had adequate notice that a ... defense was available, and had an adequate opportunity to respond to it despite the defendant's tardy assertion." *Jackson v. Rockford Housing Auth.*, 213 F.3d 389, 393 (7th Cir. 2000). The same is generally true for collateral estoppel. "Collateral estoppel is an affirmative defense that must ordinarily be included in the defendant's answer, see Fed.R.Civ.P. 8(c), but a delay in asserting an affirmative defense waives the defense only if the plaintiff was harmed as a result." *Best v. City of Portland*, 554 F.3d 698, 700 (7th Cir. 2009) (affirming district court's determination to allow filing of the affirmative defense of collateral estoppel as part of summary judgment motion).

At this stage in the case, the Court does not find that Plaintiff has been prejudiced by Defendants' late filing of the affirmative defense of collateral estoppel. Discovery has closed, but dispositive motion briefing has not commenced; in fact, the Court has stayed preparation of opening briefs while reviewing the instant motion. Plaintiff is now aware of this defense and will have adequate opportunity to respond to it in the course of briefing any dispositive motions. While Defendants may not have been fully diligent in determining whether they had failed to obtain an oral transcript of a hearing in Plaintiff's underlying case, Defendants have demonstrated in their motion good faith efforts to obtain all relevant records related to that case. They have also shown a good faith, if erroneous, belief that Plaintiff had all such relevant records in his possession. Lastly, Defendants made prompt efforts to obtain the transcript once its relevance became apparent and file the motion to add the affirmative defense as soon as practicable. With this explanation and given that summary judgment briefing has not yet commenced, the Court grants Defendants' motion to add the affirmative defense of collateral estoppel.

Ordinarily, the Court would not permit Defendants to amend their answer to add the affirmative defense of *res judicata*. *Res judicata* is an affirmative defense "ordinarily lost if not timely raised." Fed. R. Civ. P. 8(c); *Arizona v. California*, 530 U.S. 392, 410 (2000); *see also Marcus v. Sullivan*, 926 F.3d 604, 615 (7th Cir. 1991) ("*Res Judicata* is an affirmative defense which, unless raised by defendant in his answer, is considered waived.") Unlike the defense of collateral estoppel, Defendants do not offer any explanation as to why they did not plead the affirmative defense of *res judicata* when they filed their answer 18 months ago. And unlike their case for adding the defense of collateral estoppel, at least at the time of filing this brief Defendants do not plan to base their *res judicata* defense on newly discovered proceedings in the underlying state court case. Rather, Defendants plead *res judicata* based on the prior proceedings before *this* Court in 08 C 2931. Defendants had the same counsel in both federal actions. Therefore, Defendants cannot claim they were ignorant of the issues in the prior federal case before this Court. In fact, it was Defendants who requested that this action be assigned to the same judge as the prior action, in order that the parties might take advantage of the judge's familiarity with the course of the proceedings. Upon removal of this action back to federal court, Defendants could have, but did not, move to dismiss the equal protection class of one claim based on *res judicata*. Defendants took five months from the date of removal to file their amended answer. The defense of *res judicata,* whether with the prior federal case or the prior state court case underlying this action, has been openly available to Defendants since the first date of this case and they certainly could have pleaded it as part of their amended answer, or at any time thereafter. Therefore, Plaintiff is not unjustified in claiming prejudice and "undue surprise" at this late stage

**STATEMENT**

the case. *See Jackson*, 213 F.3d at 393; *accord Venters v. City of Delphi*, 123 F.3d 956, 968 (7th Cir. 1997) ("A defendant should not be permitted to 'lie behind a log' and ambush a plaintiff with an unexpected defense.") Defendants' motion to add the affirmative defense of *res judicata* is denied.

However, given the unique circumstances of this case, it is important to address the binding nature of the prior federal case, 08 C 2931. When this Court dismissed the federal claims in 08 C 2931, this Court declined to exercise jurisdiction over Plaintiff's pendant state law claims. After Plaintiff amended the complaint to add an equal protection class of one claim, Defendants sought to remove the action back to federal court and to this Court in particular. The clerk of court instructed Defendants to file the notice of removal as a new action, rather than a continuation of 08 C 2931, because 08 C 2931 had not technically been "remanded" to state court. But all parties agree that this action is a continuation of the matter that began as Case No. 08 C 2931. Although the law of the case has been described as an "amorphous concept," it "posits that, when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Pepper v. U.S.*, 131 S.Ct. 1229, 1250 (2011). Given the history of this action and the fact that the two separate case numbers is more accurately construed as a clerical separation than a substantive one, the Court will treat the proceedings and prior opinions in 08 C 2931 as law of the case and take those proceedings into consideration when addressing future briefs in this action.